UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENN-MICHAEL PRENTICE, SR.,

    Plaintiff,

vs.

TROTT LAW, P.C., MARCY FORD,
JOHN HARRISON, NEWREZ LLC
d/b/a SHELLPOINT MORTGAGE
SERVICING,

    Defendants.
_____/

Civil Action No. 23-cv-12364
HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER GRANTING SHELLPOINT MORTGAGE SERVICING'S MOTION TO DISMISS THE COMPLAINT

I.    Introduction

Glenn-Michael Prentice, Sr. commenced this *pro se* wrongful foreclosure action against Shellpoint Mortgage Servicing, as well as Trott Law, P.C. and two of its shareholders, because of purported irregularities in the nonjudicial foreclosure of his residence.

Before the Court is Shellpoint's motion to dismiss the complaint. (ECF No. 5). Prentice responded. (ECF Nos. 7, 9-10). Shellpoint filed a reply. (ECF No. 8). Neither Trott Law nor its shareholders moved to dismiss the complaint. The Court

will decide the motion without oral argument pursuant to E.D. Mich. 7.1(f)(2). For the following reasons, the Court grants the motion as to all the defendants.

II.   Background

　　A.   *Factual History*

Prentice's wife obtained a loan from United Wholesale Mortgage ("UWM") in May 2018 to purchase their residence located in Holly, Michigan. (ECF No. 1-1, PageID.109-11). The loan is secured by a mortgage on the property. (*Id.*, PageID.112-28). Prentice and his wife signed the mortgage; only she signed the accompanying note. (*Id.*, PageID.111, 126). Shellpoint began servicing the mortgage in June 2019. (*Id.*, PageID.105). Prentice and his wife made their last payment on the loan in August 2022. (*Id.*, PageID.106).

Shellpoint notified Prentice's wife about the outstanding loan payments in October 2022. (*Id.*, PageID.32). Prentice responded with his own letter, asserting that he fully paid the loan balance on October 4, 2022. (*Id.*, PageID.33). His claim of full payment hinges upon a document attached to the complaint, which Prentice denominates as a "negotiable instrument." (*Id.*, PageID.19, 24, 72). The "negotiable instrument" is in the form of a check for "certified funds" to be "remit[ted] at par." (*Id.*, PageID.72). It designates the United States Treasury as the obligor or drawee and contains Prentice's wife's signature. (*Id.*). Prentice fails to explain how

Shellpoint would be able to draw on money deposited with the United States Treasury (purportedly on his behalf) to obtain full satisfaction of the loan.

Shellpoint retained Trott Law to commence nonjudicial foreclosure proceedings on Prentice's residence in January 2023.[1] (*Id.*, PageID.106). It is unclear whether the foreclosure action ever resulted in the sale of the property.

B.  *Procedural History*

Prentice initially filed this lawsuit in Oakland County Circuit Court in August 2023. (ECF No. 1-1, PageID.18-20). The complaint alleges that (1) Trott Law violated Michigan's nonjudicial foreclosure statute, (2) Shellpoint violated Mich. Comp. Laws § 440.3503 – Michigan's version of the Uniform Commercial Code, (3) all the defendants violated the Fair Debt Collection Practices Act, and (4) the

---

[1] The United States Court of Appeals for the Sixth Circuit endorses the view that "a shareholder, officer, or employee of a corporation" who "is personally involved in the debt collection at issue . . . may be held personally liable as a debt collector without piercing the corporate veil." *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 436-38 (6th Cir. 2008) (quotation omitted); *see also Martin v. Trott Law, P.C.*, 198 F. Supp. 3d 794, 812 (E.D. Mich. 2016) (same). For purposes of this opinion, the Court will assume, without deciding, that Prentice plausibly demonstrates that the Trott Law shareholders named in the complaint were "personally involved in the debt collection at issue." *Kistner*, 518 F.3d at 436. The Court will refer collectively to Trott Law, P.C. and its two named shareholders as "Trott Law" throughout the remainder of this opinion.

note and the mortgage are void because they lack counter signatures from UWM's representatives. (*Id.*).[2]

Shellpoint removed the case to this Court with Trott Law's consent. (ECF No. 1, ECF No. 1-2, PageID.170). Shellpoint now moves to dismiss the complaint for failing to state a plausible claim for relief. (ECF No. 5).

III. Legal Standards

When reviewing a motion to dismiss the complaint for failing to state a claim, the Court must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." *Daunt v. Benson*, 999 F.3d 299, 308 (6th Cir. 2021) (cleaned up); *see also* Fed. R. Civ. P. 12(b)(6). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead sufficient factual matter to render the legal claim plausible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quotation omitted). Any "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial*

---

[2] Prentice makes passing reference to Shellpoint's violation of the Real Estate Settlement Procedures Act without further elaboration. (ECF No. 7, PageID.280). The Court declines to address this "claim" since "[i]ssues adverted to in a perfunctory manner, without some effort to develop an argument, are deemed forfeited." *Williamson v. Recovery Ltd. Partnership*, 731 F.3d 608, 621 (6th Cir. 2013).

*Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)).

Although *pro se* litigants – like Prentice – are entitled to a liberal construction of the pleadings, *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), their allegations still "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

IV. Analysis

    A. *Fair Debt Collection Practices Act*

Congress enacted the Fair Debt Collection Practices Act ("FDCPA") to protect consumers from "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a), (b), (e). To hold Shellpoint liable under the statute, Prentice must plausibly allege that the company qualifies as a "debt collector." *Kistner v. Law Offs. of Michael P. Margelefsky, LLC*, 518 F.3d 433, 435-36 (6th Cir. 2008).

The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). There is an important exception, though. So long as the debt in question "was not in default at the time it was obtained," the person

collecting or attempting to collect the debt is not a "debt collector." *Id.* § 1692a(6)(F)(iii).

Mortgage loan servicers – like Shellpoint – "although they do not technically own loans, do not fall outside of the FDCPA's ambit." *Willison v. Nelnet, Inc.*, 850 F. App'x 389, 391 (6th Cir. 2021). Loan servicers may become "debt collectors" "depending on whether the debt was assigned for servicing before the default or alleged default occurred." *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 359 (6th Cir. 2012); *see also Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106-08 (6th Cir. 1996).

Prentice appended documents to the complaint showing that Shellpoint began servicing the mortgage loan on June 3, 2019, and that his wife defaulted on the loan payment sometime between August 2022 and January 2023. (ECF No. 1-1, PageID.105-06, 130). Because it commenced servicing the loan over three years before Prentice's wife defaulted on the payments, Shellpoint is not a "debt collector" who would otherwise be subject to the FDCPA's limitations. 15 U.S.C. § 1692g(a)(4), (b).

The same allegations fail to state a plausible claim for relief against Trott Law, albeit on separate grounds.[3]

---

[3] "A court may grant a motion to dismiss even as to non-moving defendants where the nonmoving defendants are in a position similar to that of moving defendants or where the claims against all defendants are integrally related." *Bonny v. Society of*

6

Aside from the general definition of "debt collector" referenced above, the FDCPA contains a second, limited-purpose definition for debt collectors that solely encompasses those businesses whose "principal purpose . . . is the enforcement of security interests." 15 U.S.C. § 1692a(6). These "security interest enforcers" are not bound by the FDCPA's usual restrictions – such as the Act's debt verification procedures. *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 476 (6th Cir. 2020). Instead, when proceeding with nonjudicial foreclosure actions, they are only obligated to ensure that (1) there is a "present right to possession of the property" resulting from "an enforceable security interest," (2) there is a "present intention to take possession," and (3) the property is not legally exempt from "dispossession or disablement." 15 U.S.C. § 1692f(6); *see also Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1036-38 (2019).

Prentice's allegations, along with the documents attached to the complaint, indicate that Trott Law's principal purpose is the enforcement of security interests. Prentice acknowledges that Trott Law provided him with a notice of mortgage default on January 19, 2023, and warned him that it would commence nonjudicial foreclosure proceedings if he did not respond within 30 days. (ECF No. 1-1, PageID.79, ¶¶8-9; Page ID.27). The complaint does not plausibly assert that "Trott

---

*Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993); *see also Loman Dev. Co. v. Daytona Hotel & Motel Suppliers, Inc.*, 817 F.2d 1533, 1537 (11th Cir. 1987).

[Law] acts as anything but a security-interest enforcer." *Adelson v. Ocwen Loan Servicing, LLC*, No. 20-2204 & 21-2972, 2023 U.S. App. LEXIS 2600, at *14 (6th Cir. Jan. 31, 2023). And Prentice fails to allege any "other conduct" that would "potentially transform" Trott Law into a general "debt collector." *Bates*, 958 F.3d at 476-77. Consequently, Trott Law must adhere exclusively to the restrictions delineated in sub-section 1692f(6). *See Obduskey*, 139 S. Ct. at 1036-38.

Turning to that provision, the documents appended to the complaint establish that (1) Shellpoint had a right to possess Prentice's residence because his wife defaulted on the mortgage loan payments, (2) it intended to take possession of the property since it commenced nonjudicial foreclosure proceedings, and (3) no legally recognized exemption barred Shellpoint from taking possession – certainly, Prentice does not point to any. For all these reasons, the FDCPA claim against Trott Law cannot either survive Rule 12(b)(6) dismissal.

B.   *Remaining Causes of Action*

Prentice's remaining claims all lack merit. The UCC claim fails because the complaint does not plausibly explain why Prentice or his wife has any right to demand payment on a negotiable instrument "presented" to Shellpoint. Mich. Comp. Laws §§ 440.3104(1)-(2), 440.3501(1). The documents attached to the complaint instead show that Prentice's wife owed money to Shellpoint after defaulting on the mortgage loan payments. (ECF No. 1-1, PageID.130-34). Nor does Prentice

8

plausibly demonstrate any entitlement to a "notice of dishonor" from Shellpoint.[4] Mich. Comp. Laws §§ 440.3502-3503.

As for his claim that Trott Law violated Michigan's nonjudicial foreclosure statute, Prentice's conclusory assertion that the law firm "blatantly refused to follow the law" is insufficient to state a plausible claim for relief. (ECF No. 1-1, PageID.18-19). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must afford Trott Law "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (ellipsis in original). Prentice's accusations cannot surmount this basic threshold.

Lastly, Prentice appears to suggest that both the note and the mortgage are invalid because they do not contain "wet-ink" signatures from UWM's representatives. (ECF No. 1-1, PageID.19). Contracts may now be signed electronically and are not unenforceable solely because they lack "wet-ink" signatures. *See* 15 U.S.C. § 7001(a)(2) (stating that contracts relating to transactions affecting interstate commerce "may not be denied legal effect, validity, or enforceability solely because an electronic signature or electronic record was used

---

[4] At any rate, Prentice's wife waived "the rights of Presentment and Notice of Dishonor" when she executed the note. (ECF No. 1-1, PageID.110, ¶ 9).

9

in [their] formation."); *see also Tillman v. Navient Sols., LLC*, No. 18-04625, 2020 U.S. Dist. LEXIS 104533, at *5 n.5 (N.D. Ill. Jun. 15, 2020).

Since UWM's electronic, typewritten name appears on both the note and the mortgage there is no reason to invalidate them for lacking the requisite signatures. (ECF No. 1-1, PageID.111, 128). Accordingly,

IT IS ORDERED that Shellpoint's motion to dismiss the complaint (ECF No. 5) is granted as to all the defendants.

**SO ORDERED.**

|  |  |
|---|---|
| Dated: December 18, 2023<br>Detroit, Michigan | s/Bernard A. Friedman<br>Bernard A. Friedman<br>Senior United States District Judge |

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on December 18, 2023.

| | |
|---|---|
| Glenn-Michael Prentice, Sr.<br>6183 East Holly Road<br>Holly, MI 48042 | s/Johnetta M. Curry-Williams<br>Case Manager |

10